John H. Pennock, J.
Defendant has made a motion for an order precluding the plaintiff from giving any evidence upon the trial of this action as to any matters required to be particularized by defendant’s demand-for a bill of particulars dated November 14,1963.
This action was originally instituted on or about January 8, 1959 and note of issue -filed for trial in Saratoga County on December 6,1959. On October 5, 1962 the case was transferred to Albany County ¡and a note of issue filed. Then on November 27,1963 the defendant made demand for a bill of particulars.
It would seem from a review of the papers on this action that the defendant’s attorney had ample time to demand or move for a bill of particulars prior to the filing of the note of issue in Albany County. No particular circumstances are set forth on this motion for the delay.
The plaintiff upon receipt of the demand could have moved to vacate the notice within five days after receipt thereof. (CPLR 3042.) This it failed to do and relies upon loches, and the readiness rule ,on this motion. However, the motion to pre *721 elude gives this court the jurisdiction to consider the motion in its entirety.
The defendant had ample opportunity to move pursuant to rule to strike the cause from the Trial Term Calendar on the ground of its unreadiness for trial based on the claim of the lack of reasonable opportunity to conduct preliminary proceedings. “Unless the appellate court’s rule is to be rendered impotent to fulfill the purposes which prompted its promulgation, their ommission must be deemed to constitute an assent to the statement contained in the plaintiffs’ note of issue on these subjects and to bar their right to conduct the preliminary proceeding at this stage of the litigation.” (Hoover v. Ruth, 8 Misc 2d 496; also, see, Special Rule Respecting Calendar Practice, Third Department, Nov. 15, 1956.)
The purpose of the “ readiness rule ” is to speed up the trial of all actions and to give all parties the right to a speedy trial, thus preventing undue calendar congestion. To effectuate such purpose the rule must be strictly enforced. (Cerrone v. S’Doia, 11 A D 2d 350.) Motion for preclusion denied, without costs. The plaintiff to submit order.